UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON S.,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. C20-400 RAJ<br><br>**ORDER AFFIRMING DEFENDANT'S DECISION TO DENY OF BENEFITS** |

Plaintiff seeks review of the denial of his application for Supplemental Security Income benefits. Plaintiff contends the ALJ erred by rejecting the opinions of Norman So, M.D., and Margaret Cunningham, Ph.D., and by failing at step five to identify jobs Plaintiff could perform when accounting for his social limitations. Dkt. 19, p. 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY OF BENEFITS - 1

**BACKGROUND**

Plaintiff is 55 years old, has less than a high school education, and has no relevant work history. Admin. Record ("AR") 21, 25, 73, 285–86. On June 13, 2016, Plaintiff applied for benefits, alleging disability as of June 13, 2015. AR 73–74, 264–73. Plaintiff's application was denied initially and on reconsideration. AR 72–97. ALJ Kimberly Boyce conducted a hearing on December 10, 2018, after which she issued a decision finding Plaintiff not disabled. *See* AR 15–27, 33–71. In relevant part, ALJ Boyce found Plaintiff had severe impairments of seizure disorder, depressive disorder, anxiety disorder, posttraumatic stress disorder, and learning disorder. AR 17. ALJ Boyce found Plaintiff had the residual functional capacity ("RFC") to perform light work, with additional physical and mental limitations. AR 20–21. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy that Plaintiff could perform, and thus found Plaintiff not disabled. AR 25–26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1–3.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

**A.     Dr. So's Opinions**

Dr. So was one of Plaintiff's treating doctors. *See* AR 711–35, 807–11. In April

2018 Dr. So completed a questionnaire from Plaintiff's counsel. *See* AR 736. Dr. So noted Plaintiff's reports and the nature of his condition were consistent with Plaintiff's counsel's understanding that Plaintiff was suffering from non-epileptic seizure activity involving blurry vision and confusion. AR 790. Dr. So disagreed with some of Plaintiff's counsel's description of Plaintiff's seizure activity, crossing out counsel's statement that Plaintiff's seizures involved "rare grand mal seizures but more frequent seizures that involve no thrashing but trembling." *Id.* Dr. So also indicated symptoms of numb hands and imbalance. *See id.* Dr. So then agreed with Plaintiff's counsel's statement that Plaintiff's reports and the nature of his condition were consistent with Plaintiff's report that he must sit down without activity for 15 to 20 minutes while a seizure lasts, has an additional 20 to 30 minutes during which he is fatigued and confused, and has these events one to two times per week. *Id.*

In October 2018, Dr. So completed another questionnaire from Plaintiff's counsel. AR 790. Dr. So indicated Plaintiff's "little" seizure events had increased in frequency from once a week to three-to-four times a week. *Id.* Dr. So noted, however, that he was "uncertain if [these were] epileptic seizures or something else." *Id.*

The ALJ gave Dr. So's opinions little weight. AR 24. The ALJ reasoned Dr. So "failed to provide records supporting [his] opinions, and treatment records indicate that mediations [sic] control the claimant's major seizure activity." AR 24–25. The ALJ further reasoned Dr. So did not provide a functional assessment, but instead partially agreed with statements Plaintiff's counsel made. *Id.*

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY OF BENEFITS - 3

The ALJ did not err in rejecting Dr. So's opinions as unsupported by the medical evidence. An ALJ may discount a doctor's opinions when they are inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As the ALJ noted, there are no objective findings in Dr. So's records supporting his opinion that Plaintiff has little seizure-like events that impact Plaintiff's ability to work. *See* AR 25. Instead, Dr. So's records reveal normal physical and mental exams. *See* 712, 717, 722, 726, 730, 808.

The ALJ erred in rejecting Dr. So's opinions as failing to provide a functional assessment of Plaintiff, but that error was ultimately harmless. An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Dr. So's assessment that Plaintiff had three to four episodes per week where he needed to sit down without activity for 15–20 minutes was a statement about Plaintiff's functioning. *See* AR 790. But the ALJ gave at least one specific and legitimate reason for rejecting that assessment when she concluded it was unsupported by the medical evidence. The ALJ's error was thus harmless.

### B.     Dr. Cunningham's Opinions

Dr. Cunningham examined Plaintiff in June 2016. AR 361–79. Dr. Cunningham opined Plaintiff had marked limitations in most areas of social and cognitive functioning, including the ability to understand, remember, and persist in tasks by following short and simple instructions, learn new tasks, communicate and perform effectively in a work

setting, and maintain a work schedule. *See* AR 364.

The ALJ gave Dr. Cunningham's opinions limited weight. AR 24. The ALJ reasoned Dr. Cunningham's opinions were inconsistent with the medical evidence and Plaintiff's demonstrated activity level. *Id.*

The ALJ did not err in rejecting Dr. Cunningham's opinions as inconsistent with the medical evidence. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Plaintiff's records documented some abnormalities, such as hyperverbal speech, but the ALJ did not err in concluding Dr. Cunningham's opinions of marked social and cognitive limitations, such as difficulty following simple instructions and learning new tasks, were inconsistent with Plaintiff's medical records overall, which "generally show[ed] intact or nearly intact mental functioning with intact memory and good attention and concentration." AR 24, 519, 522, 525, 528, 531, 534, 538, 546.

The ALJ similarly did not err in rejecting Dr. Cunningham's opinions as inconsistent with Plaintiff's demonstrated activity level. A material inconsistency between a doctor's opinion and a claimant's activities can furnish a specific, legitimate reason for rejecting the doctor's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ reasonably noted Plaintiff was able to engage in skilled activity, such as car maintenance, which was inconsistent with the severity of limitations to which Dr. Cunningham opined. *See* AR 24, 561, 610, 636. The ALJ therefore did not

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY OF BENEFITS - 5

harmfully err in rejecting Dr. Cunningham's opinions.

### C. Step Five Findings

Plaintiff contends the ALJ erred at step five of the disability evaluation process because the vocational expert "failed to identify any job with 6 or fewer co-workers in the vicinity." Dkt. 19, p. 3. In Plaintiff's view, the Commissioner therefore failed to identify jobs Plaintiff could perform based on his established limitations. Dkt. 19, pp. 3–4.

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (holding the party challenging an administrative decision bears the burden of proving harmful error). The ALJ limited Plaintiff to "occasional interaction with supervisors," work that occurs "in proximity to co-workers, but not in a team or cooperative effort," and work "that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded." AR 21. Nothing in the evidence the ALJ accepted required her to limit Plaintiff to interactions with six people or less. Plaintiff instead relies on his own testimony to show this six-person limitation. *See* Dkt. 19, p. 4. But Plaintiff has not directly challenged the ALJ's rejection of his testimony, or shown the ALJ failed to give valid reasons for rejecting Plaintiff's testimony. *See id.* Plaintiff has thus failed to show the ALJ harmfully erred at step five.

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day od October, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY OF BENEFITS - 7